FILED
CLERK U.S. BANKRUPTCY COURT
2005 JUL 28 AM 10: 33
NORTHERN DISTRICT OF OHIO
CLEVELAND

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Case No. 04-24041 |
| | Case No. 04-24042 |
| PINZONE ARMBRUSTER, INC., | |
| | Jointly Administered |
| ARMBRUSTER ENERGY | Under Chapter 11 |
| ENTERPRISES, LLC, | |
| | Judge Arthur I. Harris |
| Debtors. | |

## MEMORANDUM OF OPINION

These jointly administered cases are currently before the Court on the motion of Armbruster Energy Enterprises, LLC (Docket #164) for leave to file an appeal and for a stay pending appeal with respect to two orders: (1) order (Docket #157), filed on July 5, 2005, granting the motion for relief from stay of creditor Equilon Enterprises, LLC (hereinafter "Shell") to terminate a lease and related agreement with the debtor and (2) order (Docket #158), filed on July 6, 2005, overruling Shell's objection and request for an evidentiary hearing. For the reasons that follow, the debtor's motion for leave to file an appeal and for a stay pending appeal is denied.

DISCUSSION

*Relief From Stay is Final Order and Does Not Require Leave to File an Appeal*

Although the debtor seeks leave to file an appeal with respect to two orders, leave is not required if the orders are final for purposes of appeal. A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). "For purposes of appeal, an order is final if it 'ends the litigation on the merits and leaves nothing for the courts to do but execute the judgment.' " *Jefferson County Board of County Commissioners v Voinovich (In re The V Cos.)*, 292 B.R. 290, 292 (B.A.P. 6th Cir. 2003) (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989)). The Sixth Circuit has held that "the bankruptcy court's lifting of the automatic stay [is] a final decision for the purposes of appellate review by the district court." *Sun Valley Foods Co. v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.)*, 801 F.2d 186, 190 (6th Cir. 1986). Thus, the two orders at issue in this case are final for purposes of appeal under 28 U.S.C. § 158(a)(1), and the debtor is free to seek appeal to the district court as a matter of right. The motion for leave to appeal is denied as unnecessary.

*Standard for Determining Whether to Issue a Stay Pending Appeal*

The debtor also seeks a stay pending appeal. Under Bankruptcy Rule 8005, the factors to be considered by a court in determining whether a stay or injunction

pending appeal should issue are: (1) whether the applicant has demonstrated a likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other interested parties; and (4) where the public interest lies. *See Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *In re Dow Corning Corp.*, 255 B.R. 445, 542 (E.D. Mich. 2000); *Best Reception Sys., Inc. v. Rickles Elecs. & Satellites (In re Best Reception Sys., Inc.)*, 219 B.R. 988, 992-93 (Bankr. E.D. Tenn. 1998) (applying Rule 8005 and *Griepentrog* standard); *Rossi, McCreery & Assoc., Inc. v. Abbo (In re Abbo)*, 191 B.R. 680, 682 (Bankr. N.D. Ohio 1996) (Krasniewski, J.) (same).

*Application of Standard to Debtor's Motion*

In weighing these factors against the circumstances of this case, the Court first concludes that the debtor's appeal has little likelihood of success on the merits. In order to succeed on appeal, the debtor would have to establish that this Court abused its discretion in granting relief from stay under Section 362(d). *See Laguna Assoc. Ltd. P'ship v. Aetna Casualty & Surety Co. (In re Laguna Associates Ltd. P'ship)*, 30 F.3d 734, 737 (6th Cir. 1994) ("This Court reviews a bankruptcy court's order granting or denying relief from an automatic stay only for abuse of discretion."); *White v. White (In re White)*, 851 F.2d 170, 174 (6th Cir.

3

1988) (finding no abuse of discretion where bankruptcy court lifted stay to permit divorce action to proceed in state court).

In the present case, the Court heard extensive testimony on Shell's motion for relief from stay and issued a memorandum of opinion and order (Docket #112 and #113) indicating the specific steps required for the debtor to demonstrate "a reasonable possibility of a successful reorganization within a reasonable time" and thereby avoid a lifting of the automatic stay. *See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-76 (1988). That order (Docket #112) was never appealed. Nor did the debtor ever timely seek modification of that order. Nor does the debtor dispute its failure to comply with the terms of the order. Therefore, the Court finds that the debtor is unlikely to succeed in establishing on appeal that this Court abused its discretion when it determined: that there is no longer "a reasonable possibility of a successful reorganization within a reasonable time"; that there is no need for an evidentiary hearing; and that Shell is entitled to relief from stay pursuant to the Court's April 15, 2005, order.

As for the other factors in determining whether a stay should be granted pending appeal, the Court acknowledges that termination of the lease agreement will likely result in the debtor ceasing its operation of the eighteen Shell service

4

stations and convenience stores that are subject of the lease, and this will cause harm to the debtor. It appears, however, that the debtor's cessation of operation at these stations and stores is inevitable because the debtor has shown no ability to reorganize successfully. For example, the debtor's proposed plan of reorganization is unlikely to succeed because it fails to promptly cure the debtor's default on its agreement with Shell, as required under 11 U.S.C. § 365. Apparently, the debtor has been unable to obtain postpetition financing to fund a reorganization plan. With no reasonable likelihood of a successful reorganization, any stay pending appeal would only forestall the inevitable dismissal or conversion of this Chapter 11 proceeding, while causing continued losses to Shell.

The record indicates that these service stations and convenience stores will not be shut down permanently as Shell intends to have another entity take over these operations as quickly as possible. The record does indicate that these stores, under new management, can be run profitably. Thus, the Court believes that the public interest would not be served by granting a stay pending appeal. Therefore, the relevant factors do not support the granting of a stay pending appeal under Bankruptcy Rule 8005.

## CONCLUSION

For the foregoing reasons, the motion of Armbruster Energy Enterprises, LLC (Docket #164) for leave to file an appeal and for a stay pending appeal is denied.

IT IS SO ORDERED.

/s/ Arthur I. Harris
Arthur I. Harris
United States Bankruptcy Judge